NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2306
_____

STEEVE J. DJORKAEFF MOISE,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A065-246-887)
Immigration Judge:  Tamar Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 5, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 20, 2026)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steeve Moise, a citizen of Haiti, petitions pro se for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We will deny the petition.

I.

Moise was paroled into the United States in 2017. But he did not subsequently adjust his status to lawful permanent resident. In 2023, the Department of Homeland Security charged him with being removable for not being in possession of a valid visa or other valid travel document. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). An immigration judge ("IJ") sustained that charge, and Moise, acting through counsel, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Moise claimed that, if he returned to Haiti, he would be harmed because of the following: (1) while living in Massachusetts, he was "very involved in discussions regarding the political conditions in Haiti," A.R. at 62; (2) his mother, who had lived in the United States since 2017, had been politically active when she lived in Port-au-Prince, Haiti; and (3) his status as a deportee with a criminal history (he was convicted of battery in Florida, and he was charged with rape and other offenses in Massachusetts).

In January 2024, after holding a merits hearing, the IJ denied Moise's application and ordered his removal to Haiti. In doing so, the IJ concluded that Moise's asylum claim was time-barred. See 8 U.S.C. § 1158(a)(2)(B), (D) (providing that an applicant must file his asylum application within one year of his arrival in the United States, except when the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for

2

asylum or extraordinary circumstances relating to the delay in filing [the] application"). As for Moise's withholding claim, the IJ stated, inter alia, that (1) Moise "has not provided any evidence to corroborate his perceived or actual political opinion, and that such opinion would be known or believed by the [Haitian] government or government officials of Haiti or people the government in Haiti are unable or unwilling to control," A.R. at 62; (2) Moise "has failed to show that he will persecuted or harmed in any way because of his mother's political opinion," id. at 64; and (3) "deportees is not a [cognizable] particular social group," id. at 65, and, in any event, Moise's fear of being harmed based on his status as a deportee with a criminal history was "too speculative," id. at 63. Lastly, the IJ concluded that Moise was not entitled to CAT relief because he "has failed to establish that it is more likely than not [that] he would suffer torture [in Haiti]." Id. at 67.

Moise, acting through new counsel, appealed the IJ's decision to the BIA. In June 2024, the BIA upheld the IJ's decision and dismissed the appeal. First, to the extent that Moise claimed that "his due process rights were violated by indiscernible notations in the transcript," id. at 2, the BIA concluded that this claim failed because Moise "has not referenced the record to support his argument or identified any inaccuracies or omissions from the transcript," id. at 3. Next, the BIA determined that Moise had waived a challenge to the IJ's resolution of his asylum claim. As for Moise's withholding claim, the BIA concluded that (1) Moise "has not met his burden of proof to establish a well-founded fear of future persecution based on political opinion or his familial relationship

3

to his mother," (2) Moise "has not addressed how [his proposed particular social group of deportees who have a criminal history] meets the legal requirements to be valid," and (3) to the extent that Moise pointed to a different particular social group on appeal, the BIA "will not consider it for the first time on appeal." Id. Finally, regarding Moise's CAT claim, the BIA agreed with the IJ that Moise had failed to show that it was more likely than not that he would be tortured in Haiti. This timely petition for review followed.[1]

## II.

Moise raises six arguments in his opening brief.[2] For the reasons that follow, none of them entitles him to relief here.

Moise first argues that his "due process rights were violated because significant portions of [his] individual hearing transcript are indiscernible, hindering the BIA's ability to conduct a meaningful review of [his] testimony." Moise's Opening Br. 2. Although Moise does not identify the "portions" in question, it seems likely that he is

---

[1] We have jurisdiction here pursuant to 8 U.S.C. § 1252(a)(1). We review the agency's factual findings for substantial evidence and may not disturb them unless "any reasonable adjudicator would be compelled to conclude to the contrary." Thayalan v. Att'y Gen., 997 F.3d 132, 137 (3d Cir. 2021) (quoting Nasrallah v. Barr, 590 U.S. 573, 584 (2020)). And we review constitutional claims and questions of law under a de novo standard. See Freza v. Att'y Gen., 49 F.4th 293, 298 (3d Cir. 2022).

[2] To the extent that Moise's reply brief raises additional arguments, they are not properly before us. See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024).

referring to the transcript of his December 4, 2023 hearing. See A.R. at 103-06.[3] The

transcript pages for that short hearing, which was *not* his merits hearing (that hearing

took place about a month later), is replete with transcription errors in which numbers or

other characters are used in place of letters (e.g., "O(a3, your Honor, than( 3ou ver3

much," id. at 106). However, since those errors did not hinder the BIA's ability to

meaningfully review Moise's testimony at the merits hearing or decide his appeal, his due

process claim fails. See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir.

2010) ("To establish a violation of due process, the petitioner[] must show that

substantial prejudice resulted from the alleged procedural errors.").[4]

Moise's second argument is that the IJ violated his due process rights by not

allowing his expert witness, Brian Concannon, Jr., to testify. Moise and his counsel

appeared at the merits hearing via WebEx. See A.R. at 108. After the IJ issued her oral

decision, counsel stated that he "wanted to put on record that we actually would have

preferred to speak with the expert witness in this case." Id. at 160. It appears from the

transcript that technical difficulties with the WebEx feed might have prevented counsel

from informing the IJ earlier that he wished to present the testimony of Concannon (who

---

[3] The transcript of that hearing mistakenly lists the hearing date as December 4, *2021*.

[4] As the BIA noted in its decision, the transcript of Moise's merits hearing "identifies a number of times when clarification was sought from the interpreter to confirm testimony." A.R. at 3 n.2. But those requests for clarification did not prevent the BIA from meaningfully reviewing Moise's testimony or deciding his appeal. And we do not see anything else in that transcript that would be characterized as "indiscernible."

was present on the WebEx feed).  See id. at 156-58.  The IJ told counsel that he "can raise [the issue] to the BIA."  Id. at 161.  Moise did raise this issue on appeal (albeit in his notice of appeal only), but the BIA did not address it in its decision.  Nevertheless, no relief is due here, for Moise has not demonstrated that he was prejudiced by the fact that Concannon did not testify.  See Delgado-Sobalvarro, 625 F.3d at 787.  Concannon, who is the executive director of an organization called "The Institute for Justice and Democracy in Haiti," A.R. at 206, was planning to testify about "the dangers that deportees face when returned to Haiti," as well as "the human rights situation in Haiti[,] including issues faced by political oppositions," id. at 196.  But that testimony about general country conditions in Haiti would not have moved the needle, for the IJ denied Moise's asylum claim as untimely, concluded that the group consisting of deportees with a criminal history was not a particular social group, and determined that Moise had failed to show that he would likely be *singled out* for persecution or torture.  See id. at 66 ("There is no evidence that anywhere in Haiti [Moise] would be singled out for harm in any way.").

Moise's third argument is that the BIA erred in concluding that the group consisting of deportees with a criminal history does not qualify as a particular social group.  But this argument is meritless.  See Toussaint v. Att'y Gen., 455 F.3d 409, 418 (3d Cir. 2006) (agreeing with other courts of appeals that "criminal deportees are not recognized as a social group").

6

Moise's fourth argument is that this case should be remanded, presumably to the IJ, so that Moise can present evidence demonstrating that conditions in Haiti have recently worsened. See Moise's Opening Br. 3 (alleging that "[r]ecent conditions in Haiti have significantly deteriorated, marked by increased political instability, gang violence, and widespread governmental failure"). But such a request should be made to the BIA in the first instance. See 8 C.F.R. § 1003.2(c) (governing motions to reopen filed with the BIA based on new evidence); see also 8 U.S.C. § 1252(b)(4)(A) (providing that this Court shall decide a petition for review only on the administrative record).

In his fifth argument, Moise appears to challenge the IJ's determination that his asylum claim was time-barred. But Moise failed to exhaust this challenge before the BIA (recall that the BIA deemed this issue waived),[5] and the Government has raised the exhaustion defense in its brief here. See Gov't's Br. 19-20. Accordingly, the asylum claim is not before us. See 8 U.S.C. § 1252(d)(1) (providing that a non-citizen must "exhaust[] all administrative remedies available to [him] as of right"); Aguilar v. Att'y Gen., 107 F.4th 164, 168-69 (3d Cir. 2024) (explaining that, although § 1252(d)(1) "is a

---

[5] Pursuant to this Court's "liberal exhaustion policy," a non-citizen "need not do much to alert the B[IA] that he is raising an issue." Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006). But Moise, despite being represented by counsel, did not mention the timeliness issue in his notice of appeal or the brief he filed with the BIA. Although Moise's notice of appeal asserted that "[t]he Immigration Judge's ruling on asylum and withholding of removal were legally unsupportable and based on clearly erroneous conclusions," A.R. at 55, Moise made that assertion in the context of arguing the *merits* of his claims for asylum and withholding of removal, see id.

7

non-jurisdictional claim-processing rule," this Court "must enforce the rule where . . . the Government properly raises it" (internal quotation marks omitted)).

Lastly, Moise argues that "[the] Court must consider torture risk from all sources." Moise's Opening Br. 4 (emphasis omitted). However, he fails to point to record evidence demonstrating that it is more likely than not that he would be tortured in Haiti. <u>See generally</u> <u>Hernandez Garmendia v. Att'y Gen.</u>, 28 F.4th 476, 484 (3d Cir. 2022) ("The specter of torture must be supported by specific evidence that the individual applicant is more likely than not to be singled out.").

In view of the above, we will deny Moise's petition for review.[6]

---

[6] To the extent that Moise's reply brief could liberally be construed as seeking reconsideration of this Court's February 7, 2025 order granting the Government's motion to strike extra-record evidence submitted by Moise, that request is denied.